**Paul J. BORDALLO, Appellant,**

**v.**

**Carlos G. CAMACHO, Appellee.**

**No. 74–1661.**

United States Court of Appeals, Ninth Circuit.

June 18, 1975.

**764**

Howard G. Trapp (argued), Agana, Guam, for appellant.

Harold J. Heafer (argued), Agana, Guam, for appellee.

Before BARNES, KILKENNY and GOODWIN, Circuit Judges.

PER CURIAM:

Paul J. Bordallo, then a Senator of Guam, appeals a judgment in favor of Carlos G. Camacho, then the Governor, in litigation brought to test the validity of the Governor's exercise of the "pocket veto" of a bill duly enacted by the Twelfth Guam Legislature.

The bill was passed July 10, 1973. Six days later, the Legislature, according to the trial court's recitation of the undisputed facts, "adjourned for a recess" to reconvene on August 27, 1973. During the recess, on July 26, 1973, the bill was delivered to the Governor. The record is provocatively silent on the manner of delivery and the identity of the messenger.

Before departing on its six-week recess, the Legislature failed to designate an officer to receive messages from the Governor; nor did it provide for the receipt, filing, routing, and safekeeping of such messages as might be delivered to the Legislature during a recess.

The controlling statute, 48 U.S.C. § 1423i, reads as follows:

"Every bill passed by the legislature shall, before it becomes a law, be entered upon the journal and presented to the Governor. If he approves it, he shall sign it, but if not he shall, except as hereinafter provided, return it, with his objections, to the legislature within ten days (Sundays excepted) after it shall have been presented to him. *If he does not return it within such period, it shall be a law in like manner as if he had signed it, unless the legislature by adjournment prevents its return, in which case it shall be a law if signed by the Governor within thirty days after it shall have been presented to him; otherwise it shall not be a law.* When a bill is returned by the Governor to the legislature with his objections, the legislature shall enter his objections at large on its journal and, upon motion of a member of the legislature, proceed to reconsider the bill. If, after such reconsideration, two-thirds of all the members of the legislature pass the bill, it shall be a law * * *." (Emphasis added.)

The Governor neither signed the bill nor returned it within the ten days prescribed by law. The tenth day fell, of course, during the recess. The Governor did send a message, and again the record is tantalizingly silent, to someone connected with the Legislature, stating that he was unable to return the bill to the Legislature within the ten days provided by law. He concluded that the Legislature, by adjournment had "prevented its return".

After the trial court had ruled in this case, the Court of Appeals for the District of Columbia Circuit held that an "intra-session adjournment of Congress does not prevent the President from returning a bill which he disapproves so long as appropriate arrangements are made for the receipt of presidential messages during the adjournment." *Kennedy v. Sampson,* 511 F.2d 430, 437 (D.C. Cir.1974).

Considering the failure of the Guam Legislature to make the kind of provision for interim messages contemplated

in *Kennedy v. Sampson,* and in view of the ease with which the Guam Legislature could have made such provisions if it thought the prospect of a pocket veto to be undesirable, the district court correctly concluded that the Governor was free to take advantage of the legislative hiatus and exercise the pocket veto.

Affirmed.